**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikeal Glenn Stine, | No. CV-21-00422-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Merrell, et al., | |
| Defendants. | |

    On October 14, 2021, the Plaintiff lodged a Complaint and a Motion to Seal, which the Court granted based on the allegations of imminent danger. (Order (SEALED) (Doc. 13) at 2 (applying 3-strikes because Plaintiff has previously filed prior actions that have been found to be frivolous, malicious, or failing to state a claim upon which relief may be granted). The Court denied his request for a Temporary Restraining Order, directed the United States Marshal to perform service, and that certain Defendants answer the claims that survived screening and respond to the request for a preliminary injunction only with respect to his request for protective segregation housing. *Id.* The Court denied his Motion to Expedite the Case. (Order (Doc. 14)). On January 31, 2022, he filed another Motion for Temporary Restraining Order. (Doc. 15), which the Court denied because it asserted issues unrelated to the claims raised in this case. (Order (Doc. 17)).

    On February 4, 2022, the Plaintiff filed a Motion for Facts, which asked the Court to provide him with copies of all the documents related to this case because prison staff allegedly conducted a search of his housing unit during which his legal documents were

seized and destroyed. (Motion (Doc. 18)). The Court treated the request like a Motion for Copies and ordered the Defendants to respond to this allegation.

On February 24, 2022, the Defendants filed a Response (Doc. 27), noting the Complaint, Summons, and Motion for Preliminary Injunction, have only recently been served and counsel has not yet secured agreement from the individual *Bivens* Defendants to represent them. In the Response, the Defendants include affidavits which show that no legal documents were seized or destroyed (Resp. Ex A, Pierce Decl. (Doc. 27-1)) and that the Plaintiff has not sought any legal documents from the SHU Property Officer to produce legal documents not allowed in his cell because of the limit to legal property that may be stored in a prison cell, *id.,* Ex. B, Power Decl. (Doc. 27-2)). The Plaintiff shall file a Reply, which should include any evidence to rebut the declarations from Pierce and Power.

In addition to the Motion for Copies, the Plaintiff filed a Motion for Appointment of Counsel (Doc. 24), which asserts counsel should be appointed in this case because numerous pieces of legal mail are being held by various prison staff persons and he is being denied access to the courts. He also seeks a hearing because he received a copy of the docket sheet from the Defendant as a courtesy in response to his Motion for Copies, which he says does not reflect this Court ever received his service packets. The service packets were received, and the Complaint, Summons, and Motion for Preliminary Injunction have been served. While the Plaintiff lists the multitude of cases he has pending in this Court and other courts, both state and federal, he fails to identify any specific piece of mail being held limiting his access to this Court in this case. Should any delays in accessing this Court in this case occur, this Court shall address the issue then.

The Defendants filed a Motion for Extension of Time to File an Answer and Respond to the Motion for Preliminary Injunction because individual representation has not yet been approved for all *Bivens* Defendants. The Defendants ask for the time to begin running for the Response and Answer when individual representation has been approved. The Federal Rules of Civil Procedure, Rule 12, provides that the time for responsive pleadings commences upon service of a complaint and summons, a date certain. The Court

finds no good reason to change the trigger for filing a responsive pleading to an "indefinite" time when individual representation is approved.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff shall have 14 days from the filing date of this Order to file a Reply to the Response[1] to his Motion requesting copies of all documents in this case due the alleged seizure of his legal documents from his cell.

**IT IS FURTHER ORDERED** that the Motion for Appointment of Counsel (Doc. 24) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Hearing (Doc. 26) is DENIED.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Extend Time (Doc. 28) is DENIED in part for filing the responsive pleading and GRANTED in part for time to file a Response to the Motion for Preliminary Injunction to be 30 days from the filing date of this Order.

**IT IS FURHER ORDERED** that the Clerk of the Court shall send the Plaintiff an updated docket sheet.

Dated this 10th day of March, 2022.

_____
Honorable David C. Bury
United States District Judge

---

[1] The Plaintiff does not receive service by CM/ECF; copies of all filings must be mailed to him. The Defendants' certificate of service reflects service by CM/ECF, but includes the Plaintiff's mailing address. The Defendants shall ensure that the Response, including the affidavits, have been mailed to the Plaintiff.