**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mikeal Glenn Stine,<br><br>          Plaintiff,<br><br>v.<br><br>Unknown Merrell, et al.,<br><br>          Defendants. | No. CV-21-00422-TUC-DCB<br><br>**ORDER** |

On February 21, 2023, the Court denied several emergency motions filed by Plaintiff, including one that asserted since his return to USP-Tucson, there have been "many issues" with Defendants . . . "intentional[ly] interfering with Plaintiff's ability to litigate the case, to present evidence and even to discuss the case and show evidence to Tucson attorney Ms. Stephanie K. Bond on Tuesday Jan. 17, 2023," which shows "intentional and direct interference with access to the courts." (Order (Doc. 50) at 1.) He also complained that his legal papers were confiscated, and staff was not collecting his mail daily. Plaintiff sought an order from the Court requiring that the Warden of USP-Tucson allow contact visits with attorneys, return his legal materials, and direct prison staff to collect and post Plaintiff's mail daily on weekdays. (*Id*. at 7.) Without requiring briefing, the Court denied the motion. As previously done, the Court cautioned the Plaintiff that he may not raise claims, even in emergency circumstances, that are unrelated to the claim

pending in this action, which is a damage claim[1] related to the alleged failure by Defendants to house him in protective custody.

Simultaneously, with dismissing the unrelated emergency motions, the Court denied a motion for appointment of counsel and a motion to stay disposition of Defendants' Motion for Judgment on the Pleadings (Doc. 52). Importantly, Defendant seeks dismissal of this action based on a challenge to this Court's jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). According to Defendant, the Supreme Court in *Egbert v. Boule*, 142 S. Ct. 1793 (2022) has called into question the *Bivens* framework as jurisdictional authority for this case.

Before proceeding further, the Court called for full briefing to establish its jurisdiction over this action. In other words, does *Egbert* call into question this Court's determination in its screening order that Count I may proceed under *Bivens,* whereas Count III, First Amendment right of access to the courts, was dismissed. The Court held:

> Plaintiff's Eighth Amendment failure-to-protect claim does not require an extension of *Bivens*. *See Farmer v. Brennan*, 511 U.S. 825 (1994) (prison officials liable under *Bivens* for violations of federal prisoner's Eighth Amendment rights); *Carlson*, 446 U.S. 14; *Reid v. United States*, 825 F. App'x 442, 444 (9th Cir. 2020) ("A claim for damages based on individualized mistreatment by rank-and-file federal officers is exactly what *Bivens* was meant to address."); *Burnam v. Smith*, 787 F. App'x 387, 390 (9th Cir. 2019) (plaintiff had clearly established Eighth Amendment right to be free from sexual abuse and an implied cause of action exists to vindicate such right through monetary damages); *see also Shorter v. United States*, 12 F.4th 366, 373 (3d Cir. 2021) (Eighth Amendment *Bivens* remedy is available to prisoner who has been assaulted by a fellow inmate); *Bistrian v. Levi*, 912 F.3d 79, 90 (3d. Cir. 2018) ("[A]n inmate's claim that prison officials violated his Fifth Amendment rights by failing to protect him against an known risk of substantial harm does not present a new Bivens context.") over retaliation claims such as those raised by the Plaintiff in this action.

(Order (Doc. 13) at 7.) Plaintiff's response is currently due on April 3, 2023.

On February 24, 2023, the Plaintiff filed another emergency motion to add new evidence to support his request for an emergency preliminary injunction. Again, he refers to lack of access issues related to visitations from attorney Stephanie Bond. She is not

---

[1] The claim for an injunction requiring him to be housed separately from prisoners or staff deemed a threat to Plaintiff and that Plaintiff be housed in protective custody at USP-Tucson, among other measures was dismissed as moot when he was transferred to USP-Coleman in Florida, but he is now returned to USP-Florence.

- 2 -

appointed counsel in relation to this case, therefore, the issues of access raised in this motion are not related to this case. To the extent, this motion should be treated as a motion for reconsideration, the Court considers it in the context of Plaintiff's prior requests for appointment of counsel.

There is no constitutional right to the appointment of counsel in a civil case. *See, Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Randall v. Wyrick*, 642 F.2d 304, 307 n. 6 (8th Cir. 1981). In a civil case, appointment of counsel is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of a plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986). While this Court has denied appointment of counsel related to prosecuting this case in general, the Court finds that the question of jurisdiction is an exceptional circumstance. Given the Plaintiff's assertion that he has very limited access to conduct legal research and the complexity of the jurisdictional issue, the Court finds he has a limited ability to articulate a defense to the serious assertion by Defendant that the recent Supreme Court case *Egbert* requires dismissal of the action for lack of jurisdiction.

The Court has contacted Attorney Stephanie Bond, who appears to be in contact with the Plaintiff, and she agrees to assist him *pro bono* for the sole purpose of briefing the merits of the jurisdictional question now before the Court. This should not require contact visits as it is primarily a question of law.

**Accordingly,**

**IT IS ORDERED** that the Motion to Add New Evidence (Doc. 59) is DENIED.

**IT IS FURTHER ORDERED** that Stephanie K. Bond is appointed to serve as *pro bono* counsel in this case for the limited purpose of briefing the Motion for Judgment on the Pleadings (Doc. 47).

**IT IS FURTHER ORDERED** that she is appointed for the sole purpose of filing

a Response to the Motion for Judgment on the Pleadings, which shall be due within 30 days of the filing date of this Order. She will be withdrawn as counsel of record upon the filing of the Response and may seek withdrawal at that time. There shall be no filings made in this action by the Plaintiff until then.

**IT IS FURTHER ORDERED** that a copy of this Order shall be sent to Stephanie K. Bond, Esq. at her law office, 177 N. Church Ave, Suite 611, Tucson, AZ 857021 (520) 624-2636.

Dated this 5th day of March, 2023.

_____
Honorable David C. Bury
United States District Judge